UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BRANDEN DUNCAN,

                Plaintiff,            **CIVIL RIGHTS COMPLAINT**

       V.                           Civil Case #____-CV-_____(   )(   )

CITY OF NEW YORK,
Officer AMIR, Officer Wildania Hernandez,    **Demand for Jury Trial**
JOHN DOE OFFICER(CAUCASIAN),
JOHN DOE OFFICER(AFRO-AMERICAN),

                Defendant(s).
------------------------------------------------------X

      BRANDEN DUNCAN (Plaintiff) by and through his Pro Se Status, hereby files his Civil Rights Complaint against four New York City Police Officers, ("NYPD"), (OFFICER AMIR), (OFFICER WILDANIA HERNANDEZ), (JOHN DOE OFFICER[CAUCASIAN]), (JOHN DOE OFFICER[AFRO-AMERICAN]) hereinafter, ("NYPD Officers") in violation of 4th, 5th, 14th Amendment Rights under the U.S. Constitution and caused him damage in violation of the Civil Rights Act of 1781, codified at 42 U.S.C. §§ 1983 and 1985(3).

### COMPLAINT

#### I.    PARTIES

1. The Plaintiff _BRANDEN DUNCAN_ a citizen of the County of _QUEENS_, State of _NEW YORK_, presently residing at _144-11 249th Street, Rosedale, New York 11422_ wishes to file a Complaint under the _Civil Rights Act of 1871, later codified at 42 U.S.C. § 1983, 1985(3)_ against the four "NYPD Officers" alleging 4th, 5th, 14th Amendments of the U.S. Constitution.

1

2. The Defendant _OFFICER AMIR_ is a New York City Police Officer within the County of _NEW YORK_ , working at _6th Precinct, 233 West 10th Street, New York, New York 10014_.

3. The Defendant _OFFICER WILDANIA HERNANDEZ_ is a New York City Police Officer within the County of _NEW YORK_, working at _6th Precinct, 233 West 10th Street, New York, New York 10014_.

4. The Defendant _JOHN DOE OFFICER (CAUCASIAN)_ is a New York City Police Officer within the County of _NEW YORK_, working at _6th Precinct, 233 West 10th Street, New York, New York 10017_.

5. The Defendant _JOHN DOE OFFICER (AFRO-AMERICAN)_ is a New York City Police Officer within the County of _NEW YORK_, working at _6th Precinct, 233 West 10th Street, New York, New York 10017_.

6. The Defendant _CITY OF NEW YORK_ at all times relevant herein, is a City within the County of New York and political subdivision, in New York State. City of New York, at all times relevant herein, employed the "N.Y.P.D. Defendant Officers" working for the New York Police Department ("N.Y.P.D."), set forth above as public employees.

## II. NATURE OF ACTIONS

7. On or about March 9, 2023, New York Police Officers, hereinafter; ("Four Defendant N.Y.P.D. Officers") , working for the County of New York, 6th Precinct, subjected Plaintiff to false arrest and imprisonment, malicious prosecution, an unlawful seizure, denial of due process.

8. Thus Plaintiff filed this action under the Civil Rights Act of 1871, later codified at 42 U.S.C. §§ 1983 to 1988 (in this case various "§1983" actions and a §"1985" conspiracy claim).

9. Specifically, §1983 (Civil Action for Deprivation of Rights), in pertinent part, provides:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress............................"

10. Section 1985(3) (Conspiracy to Interfere with Civil Rights), in pertinent part, provides:

> (3) "If two or more persons in any State or Territory conspire......... for the purpose of depriving.....any person...of the equal protection of the laws, or of equal privileges and immunities under the laws... whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

11. Plaintiff alleges the direct responsibility of the "Four Defendant N.Y.P.D. Officers" under various constitutional theories; Bystander (also traditionally known as Failure to Intercede) and derivative ("Monell") fault of City of New York; the Deliberate Indifference of one or more of the Defendants; and conspiracy claims based in interference with the due course of justice, all as set forth in §1983, §1985(3), and/or case law.

12. The claims apply to each Defendant in an individual and/or official capacity, or directly against the City of New York.

13. The Pendant Claims focus on New York State tort law of False Imprisonment, False Arrest, Malicious Prosecution, negligent supervision, and *Respondeat Superior*.

14. Plaintiff seeks compensatory and punitive damages, injunctive relief, pre-judgment interest, and attorney's fees.

### III. JURISDICTION and VENUE
#### a. Subject Matter Jurisdiction

15. The court has original Subject Matter Jurisdiction of this action pursuant to 28 U.S.C. §1331 which states the:

> "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16. This case arises under the laws of the United States in that it is filed to obtain the remedy set forth in §1983 which expressly deals with:

> "deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws."

17. The court also has original jurisdiction of this action pursuant to 28 U.S.C. §1343(a)(3) which provides:

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person …..to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

4

18. The court further has subject matter jurisdiction of Pendant Claims under 28 U.S.C. §1367(a)(Supplemental Jurisdiction of State Claims) which provides for:

> "Jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

19. The Pendant Claims arise out of the same core and/or nucleus of operative facts as the §1983 and §1985 actions.

### b. Personal Jurisdiction

20. The court has *in personam* jurisdiction over all the N.Y.P.D. Defendant Officers since all are domiciled or sited in the State of New York, and/or has continuous and systematic contacts with the State by virtue of their employment, and/or they committed the alleged wrongful actions in the State.

### c. Venue

21. Plaintiff predicates Venue on 28 U.S.C. §1391(b), in that the N.Y.P.D. Defendant Officers either reside in the Southern District of New York and/or a substantial part of the events or omissions giving rise to the claim occurred in the district.

### IV. PREREQUISITES TO PENDANT CLAIMS

22. On or about March 14, 2023, Plaintiff was seen in the Emergency Room at Harlem Hospital, 506 Lenox Avenue, New York 10037 for possible left-thumb sprain and ligament damage.

23. Plaintiff was scheduled to see the Harlem Plastic Surgery Clinic concerning his left-thumb injury.

24. On or about June 8, 2023, Plaintiff filed his Personal Injury Claim Form and Property Damage Form with the City of New York, Office of the Comptroller for the purposes of satisfying New York General Municipal Law §50(e).

25. Plaintiff received confirmation, Claim #2023PD018789, from the City of New York, Office of the Comptroller.

26. On or about June, 2023 to November, 2023, Plaintiff contends the Office of the Comptroller informed him the issues would be investigated and if a Comptroller's Hearing pursuant to General Municipal Law §50(h) is scheduled that the Plaintiff should consider the [50(h) Hearing] canceled.

27. Plaintiff contends more than (90 days) have elapsed, giving the City of New York time to evaluate the claim.

28. No Defendant has offered to adjust and/or settle this case.

29. This action commenced within one year and ninety days of the accrual of the Pendant Claims.

## V. FACTUAL BACKGROUND
### a. False Arrest, Illegal Detainment, False Imprisonment

30. On or about March 9, 2023, while in Chelsea, Manhattan, New York, at the North East corner of 10th Avenue and West 15th Street at approximately 1:18pm, Plaintiff was transitioning from working at his Harlem Hospital employment heading towards another job of employment.

31. Plaintiff was already an hour late for my shift.

32. Plaintiff was on '10th Avenue & West 15th Street' when I was pulled over by multiple 'NYPD Police Officers', Police Officer AMIR, Police Officer Wildania Hernandez, JOHN DOE Police Officer (CAUCASIAN MALE), Police Officer (AFRO-AMERICAN), from the 6th

Precinct, New York City Police Department, which Plaintiff was only four blocks from my workplace.

33. Plaintiff was wrongfully pulled over at a 'red light' when an 'unmarked Patrol Car' approached me.

34. Plaintiff contends Police Officer 'AMIR' and Police Officer Wildania Hernandez were the alleged arresting officers (Proof upon Discovery)..

35. Plaintiff contends the two Police Officers "AMIR" and "Wildania Hernandez" approached me and requested my Driver's License & Registration.

36. Plaintiff proceeded to hand Police Officer "AMIR" the license and Registration as I waited for further instructions.

37. Plaintiff contends there was a JOHN DOE Police Officer (CAUCASIAN) that approached my vehicle from the 'passenger side of my vehicle'.

38. Plaintiff contends the JOHN DOE Police Officer (CAUCASIAN) aggressively told Plaintiff I could not touch my phone.

39. Plaintiff contends he preserves the right to obtain the name and Badge number of the JOHN DOE Police Officer (CAUCASIAN) through Discovery.

40. Plaintiff contends his intentions were to notify his Overnight Manager at his job of the unexpected Police stop of his vehicle.

41. Plaintiff contends after a few minutes went by, Police Officer "AMIR" came back to my vehicle to instruct me that Plaintiff had to get out of the vehicle alleging that Plaintiff was now 'under arrest' due to an alleged "Summons" that allegedly was in the system from 2018.

42. Plaintiff contends anything alleged concerning a "Summons" was from approximately five years ago and resolved and 'sealed'.

43. Plaintiff stepped out of the vehicle and noticed there were multiple 'unmarked patrol vehicles' that appeared instantly.

44. Plaintiff contends there were approximately ten to fifteen Police Officers in the vicinity.

45. Plaintiff contends he was then handcuffed and taken to one of the Patrol vehicles.

46. Plaintiff contends he noticed a JOHN DOE Police Officer (AFRO-AMERICAN) get into the Plaintiff's vehicle, started the vehicle, then drove Plaintiff's vehicle to the 6th Precinct.

47. Plaintiff never interacted with the JOHN DOE Police Officer (AFRO-AMERICAN) during the unlawful arrest and detainment.

48. Plaintiff contends and preserves the right to obtain the identity of the JOHN DOE Police Officer(AFRO-AMERICAN) name and Badge number through Discovery.

49. Plaintiff contends once he was detained at the 6th Precinct, he was processed into the system and his personal property removed and confiscated.

50. Plaintiff contends he informed Police Officer "AMIR" that Plaintiff's mother would be able to pick up his vehicle from the Precinct once he was able to call his mother.

51. Plaintiff contends Police Officer "AMIR" placed the Plaintiff's "VOUCHER PROPERTY" in the front passenger seat of his unlawfully impounded vehicle (Proof upon discovery).

52. Plaintiff contends he had to call both jobs to inform them of what transpired and that he would not be in.

53. Plaintiff contends the false arrest has caused him to lose out on expected wages from work.

### b. FACTUAL BACKGROUND
### Plaintiff Transferred to Central Booking

54. Plaintiff contends he was eventually transferred to "Central Bookings" in handcuffs and shackles with other detainees.

55. Plaintiff contends during the process of being transported, Plaintiff was the last detainee getting out of the Transport Van and one of the other detainees ahead of the attached Plaintiff handcuffs, forcibly and aggressively moved forward which caused Plaintiff wrists to 'hyperextend' abruptly, in a rough manner.

56. Plaintiff contends the violent act of movement caused Plaintiff to sustain a 'nerve damage injury' in his left thumb that caused partial 'numbness' after Plaintiff was able to touch his thumb (Proof upon Discovery).

### c. **FACTUAL BACKGROUND**
### Holding Cell to Courtroom

57. Plaintiff contends he spent several hours in the 'Holding Cell' until his name was called.

58. Plaintiff contends he was moved to another 'Holding Cell' to speak with his "Public Defender".

59. Plaintiff contends strangely enough, his name was called out again only to be bypassed in speaking to a "Public Defender."

60. Plaintiff contends while he was sitting on the bench in the Courtroom by a 'Court Officer', within approximately ten minutes, Plaintiff's name was called out again, and a 'Court Officer' escorted the Plaintiff to the Exit Doors of the Courtroom.

61. Plaintiff contends he received a "DECLINED PROSECUTION PAPER" (Proof upon Discovery).

62. Plaintiff contends the Declined Prosecution document will substantiate that it was not his fault and/or liability that he missed work.

63. Plaintiff contends on or about March 10, 2023, he was released from his unlawful arrest, False Imprisonment and illegal detainment and malicious prosecution of the arresting Police

Officers, hereinafter, ("N.Y.P.D. Defendants"), at approximately 3:43pm, in the afternoon from "Central Booking."

### d. FACTUAL BACKGROUND
### Reporting the Injury to 6th Precinct

64. Plaintiff contends he went back to the 6th Precinct to report the injury concerning his 'left thumb nerve damage injury' while under their 'care, custody and control of the "6th Precinct."

### e. FACTUAL BACKGROUND
### Plaintiff's Vehicle in Disarray

65. Plaintiff contends when he arrived home, he immediately noticed the inside of his vehicle in disarray.

66. Plaintiff asked his mother why was the inside of the vehicle so rummaged, ransacked and messy and disorganized.

67. Plaintiff contends that his mother informed him that when she received the vehicle from Police Officer "AMIR" it was in that disruptive condition.

68. Plaintiff contends his vehicle appeared to be unlawfully searched by the Defendants without any probable and/or reasonable cause which the defendants violated Plaintiff's privacy and vehicle without any higher authority.

69. Plaintiff contends Police Officer "AMIR" informed him that the 'Voucher items' were placed in the front seat passenger side when my mother came to retrieve the vehicle but that was not the case according to the appearance of the inside of the vehicle (Proof upon Discovery).

70. Plaintiff contends when he checked the inside of his vehicle, he noticed items were missing.

71. Plaintiff contends his (Hoodie string was missing, Chapstick, fragment of his necklace he wears for spiritual and religious purposes).

72. Plaintiff contends he also recognized an unusual and unfamiliar 'tube' found in his vehicle labeled "Stinky doobtubes".

73. Plaintiff contends that unusual item does not belong to him and may seek having it dusted and/or examined for fingerprints during Discovery.

74. Plaintiff contends it was placed there by one of the Defendants handling the vehicle.

75. Plaintiff contends the "Back Pocket" of the Driver seat where he keeps his belongings was completely cleared out and empty (Proof upon Discovery).

76. Plaintiff contends the unlawful search of his vehicle also showed bags that he kept on the floor in the 'Back seat' were all on top of the seat, as if 'someone', most likely one of the Defendants, were searching for something (Proof upon Discovery).

77. Plaintiff contends another Property Bag in the 'Back pocket' of the Driver seat was also moved and out of place (Proof upon Discovery).

78. Plaintiff contends items from his vehicle trunk were removed and found in the 'Back seat (Proof upon Discovery).

79. Plaintiff contends he also has recorded video of the unlawful search of the vehicle of the illegal search and dismantling and disruption (Proof upon Discovery).

80. Plaintiff contends he asked Police Officer "AMIR" three times previously and the Police Officer lied to me that my vehicle was not tampered with.

## V. Damages

81. Plaintiff has suffered damage as a result of the violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution.

82. Plaintiff was deprived of his liberty by the N.Y.P.D. Defendant Officers who wrongfully held him captive against his will.

83. Plaintiff was seriously injured during the transport and movement from jail to jail under the care, custody and control of the Defendant City of New York and the N.Y.P.D. Defendant Officers which the Plaintiff received a left-thumb injury to his ligament.

84. Plaintiff suffered frustration, annoyance, humiliation, aggravation, fright, fear, and possible mental anguish which he is now seeking to schedule for counseling to cope with the traumatizing events of the false arrest and false imprisonment.

85. Plaintiff most likely in the near future, will expend money for medical and psychological treatment when necessary.

86. Plaintiff damages and injuries are a direct and proximate result of the actions of the Defendants.

## VI. CAUSE OF ACTION
## COUNT 1
## §1983 Conspiracy

87. Plaintiff repeats and realleges all prior paragraphs.

88. Plaintiff asserts a §1983 Conspiracy claim against the N.Y.P.D. Defendant Officers.

89. The N.Y.P.D. Defendant Officers, under color of law, conspired with one another to deprive Plaintiff of his rights under the Constitution, including the rights to be free from:

- False arrest,
- False Imprisonment,
- Malicious Prosecution,
- Denial of due process,

90. It was part of the Conspiracy that the N.Y.P.D. Defendant Officers punish the Plaintiff in a summary fashion and later contrive reasons to stop the Plaintiff.

91. ~~The N.Y.P.D. Defendant Officers did so intentionally.~~

92. In furtherance of said Conspiracy, and in order to cover up the act of false arrest, the N.Y.P.D. Defendant Officers engaged in the following overt acts:

- Falsely stopping, arresting and imprisoning the Plaintiff;
- Fabricating and contriving a false warrant lodged against Plaintiff;
- Submitting false police reports, statements and testimony to support the fabricated warrant excuse against the Plaintiff;
- Lying to the authorities concerning the circumstances of Plaintiff being stopped in the first place;
- Upon information and belief, meeting and telephoning one another following their actions, in an effort to share information concerning the circumstances of Plaintiff's unlawful seizure and arrest, to present a united front in the face of any questioning.

93. The N.Y.P.D. Defendant Officers misconduct both directly and proximately caused the violation of Plaintiff's Constitutional rights, injuries, symptoms and damages.

## COUNT 2

### §1983 - False Arrest

94. Plaintiff repeats and realleges all prior paragraphs.

95. The N.Y.P.D. Defendant Officers, under color of law, deprived Plaintiff of the right to be free from false arrest.

96. Plaintiff claims damages for the injuries set out above.

## COUNT 3

### §1983 - False Imprisonment

97. Plaintiff repeats and realleges all prior paragraphs.

98. The N.Y.P.D. Defendant Officers, under color of law, deprived Plaintiff of the right to be free from False Imprisonment.

99. Plaintiff claims damages for the injuries set out above.

## COUNT 4

### §1983 - Malicious Prosecution

100. Plaintiff repeats and realleges all prior paragraphs.

101. The N.Y.P.D. Defendant Officers, under color of law, deprived Plaintiff of the right to be free from malicious prosecution.

102. Plaintiff claims damages for the injuries set out above.

## COUNT 5

### §1983 - Unreasonable Search and Seizure

103. Plaintiff repeats and realleges all prior paragraphs.

104. The N.Y.P.D. Defendant Officers, under color of law, deprived Plaintiff of the right to be free from unreasonable search and seizure.

105. Plaintiff claims damages for the injuries set out above.

## COUNT 6

### §1983 - Denial of Due Process

106. Plaintiff repeats and realleges all prior paragraphs.

107. The N.Y.P.D. Defendant Officers, under color of law, deprived Plaintiff the right of due process prior to any taking of liberty or property.

108. Plaintiff claims damages for the injuries set out above.

### COUNT 7

### §1983 - Failure to Intercede

109. Plaintiff repeats and realleges all prior paragraphs.

110. One or more of the N.Y.P.D. Defendant Officers had opportunities to intercede on behalf of Plaintiff to prevent the unlawful seizure of his person and search and seizure of Plaintiff vehicle but due to their Deliberate Indifference, declined or refused to do so.

111. Plaintiff's damages and injuries are a direct and proximate result of the actions of the Failure to Intercede.

112. Plaintiff claims damages for the injuries set out above.

### COUNT 8

### §1983 - Municipal (Monell) Liability

113. Plaintiff repeats and realleges all prior paragraphs.

114. On information and belief, policy making officials of the City of New York were aware that police citizen encounters such as the one set forth in this matter were likely to occur.

115. On information and belief, those same officials were aware that such encounters, when multiple officers are involved, will lead to situations where human nature can cause a mob or like form of behavior, which often results in unreasonable searches and seizures upon citizens.

116. Upon information and belief, those same officials were aware that a failure to discipline and train its rank and file police officers with respect to police citizen encounters, of the type set out in this case, will lead to the use of unreasonable searches and seizures.

117. Defendant City of New York, on information and belief, failed to discipline and train the N.Y.P.D. Defendant Officers actually involved in the police citizen encounter pertaining to Plaintiff.

118. Upon information and belief, the failure to discipline and/or train is a custom and/or policy of the City of New York.

119. Such failures, upon information and belief, constitute acts of Deliberate Indifference to the welfare of citizens such as Plaintiff.

120. Plaintiff's damages and injuries are a direct and proximate result of the actions of the Deliberate Indifference of the City of New York in failing to discipline and train its N.Y.P.D. Defendant Officers.

121. Plaintiff claims damages for the injuries set out above.

## COUNT 9

### §1985(3) - Conspiracy with Racial Profiling

122. Plaintiff repeats and realleges all prior paragraphs.

123. The N.Y.P.D. Defendant Officers, under color of law, conspired with each other to undertake a course of conduct to oppress and intimidate the Plaintiff in the free exercise and enjoyment of rights and privileges and equal protection secured to him by the Constitution.

124. Racial unlawful *profiling* motivated the N.Y.P.D. Defendant Officers to oppress and intimidate the Plaintiff.

125. The N.Y.P.D. Defendant Officers racial *profiling* found expression in their behavior made while unreasonably and unlawfully detaining the Plaintiff.

126. It was a part of the Conspiracy for the N.Y.P.D. Defendant Officers to entrap and arrest the Plaintiff under false pretenses.

## COUNT 10

### Pendant Claim - New York State False Arrest and False Imprisonment

127. Plaintiff repeats and realleges all prior paragraphs.

128. The NYPD Defendant Officers intentionally, wrongfully, unlawfully, and unjustifiably seized, detained, arrested, charged, and deprived Plaintiff of his liberty, and imprisoned him against his will.

129. At all relevant times, the NYPD Defendant Officers act forcibly.

130. The NYPD Defendant Officers did not have a warrant.

131. The NYPD Defendant Officers did not have probable cause to believe a crime was committed.

132. Plaintiff was aware of the confinement and arrest.

133. Plaintiff's damages and injuries are a direct and proximate result of the false imprisonment and arrest.

134. Plaintiff claims damages for the injuries set out above.

## COUNT 11

### Pendant Claim - New York State Intentional and Negligent Infliction of Emotional Distress

135. Plaintiff repeats and realleges all prior paragraphs.

136. The NYPD Defendant Officers intentionally and negligently engaged in extreme and outrageous conduct.

137. This resulted in the intentional or negligent infliction of severe mental and emotional distress, including, but not limited to fear of death, shocking and post-traumatic stress.

138. When the emotional distress was inflicted, Plaintiff was located in the zone of danger as this is new York State common law.

17

139. Plaintiff's damages and injuries are a direct and proximate result of the intentional and negligent infliction of emotional distress.

140. ~~Plaintiff claims damages for the injuries set out above.~~

## COUNT 12

### Pendant Claim - New York State *Respondeat*

141. Plaintiff repeats and realleges all prior paragraphs.

142. The NYPD Defendant Officers were/are employees of the City of New York and acting within the scope of said employment.

143. Thus, under the Doctrine of *Respondeat Superior*, the City of New York is liable for the tortious conduct (See Counts 10 - 11) of said NYPD Defendant Officers.

**WHEREFORE,** the Plaintiff demands, on each count, the following Judgments in an amount to be determined upon trial of this case:

- Entry of Judgment against the Defendants referenced in each Count set forth above;

- Compensatory and Special Damages (past, present and future) in an amount sufficient to fully compensate the Plaintiff for his injuries, damages and losses;

- Exemplary (Punitive) Damages in an amount which will adequately punish the Defendants for their actions and omissions;

- Liquidated Damages as allowed by law;

- Attorney's fees as a result of the violation of the Plaintiff's Civil Rights under 42 U.S.C. §§ 1983, 1985(3), including costs of this lawsuit, expert witnesses, and deposition costs to be determined in a post-judgment proceeding pursuant to Rule 54(d)(2)(B);

- Pursuant to Rule 8(a)(3) a total monetary damage award (compensatory, Liquidated, Special, and Exemplary, etc.), of $5,000,000.00;

- Pre-Judgment Interest as allowed by statute, precedent and Court Rule;

- An Injunction enjoining the NYPD Defendant Officers from further damage to the Plaintiff;

- Any Court Order needed for Plaintiff to be furnished with full relief; and

- Such other and further relief as this Court may deem just and proper.

## TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues pursuant to Federal Rule of Civil Procedure 38(b) which allows such a demand to be included in this Pleading.

Dated: June 6, 2024

*Branden Duncan*
BRANDEN DUNCAN
Pro Se Plaintiff
144-11 249th Street
Rosedale, New York 11422
(347) 329-8388

Duncan
Plaintiff
Street
N.Y. 11422



To: Pro Se Clerks Office

1-original
2-Copies

it filing

RECEIVED
2024 JUN -7 PM 7:51

2024 JUN 10 AM 11:30
SDNY PRO SE OFFICE
RECEIVED