UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BRANDEN DUNCAN,

                              Plaintiff,

                -against-

CITY OF NEW YORK, OFFICER AMIR, OFFICER WILDANIA HERNANDEZ, JOHN DOE OFFICER (CAUSASION), JOHN DOE OFFICER (AFRO-AMERICAN),

                              Defendants.

------------------------------------------------------------------- x

**ANSWER TO COMPLAINT BY DEFENDANT CITY OF NEW YORK**

24 Civ. 4438 (VSB)

**JURY TRIAL DEMANDED**

Defendant City of New York (hereinafter "City")[1] , by its attorney Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.        Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Complaint, except admits that, on or about March 9, 2023, Officer Muhammad Amir was employed by the New York City Police Department ("NYPD").

---

[1] Upon information and belief, purported defendants Officer Muhammad Amir and Officer Wildania Hernandez have not yet been served with a summons and Complaint, and, therefore, their responses to the Complaint are not yet due.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the Complaint, except admits that, on or about March 9, 2023, Officer Wildania Hernandez was employed by the NYPD.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint as they pertain to purported defendant John Doe Officer (Caucasian), except admits that plaintiff purports to bring this action against NYPD Officer John Doe (Caucasian) as stated therein.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint as they pertain to purported defendant John Doe Officer (Afro-American), except admits that plaintiff purports to bring this action against NYPD Officer John Doe (Afro-American) as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the City of New York is a corporation duly existing and incorporated under the laws of the State of New York, that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between defendant City and the NYPD.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that the vehicle in which plaintiff was the driver was lawfully stopped for, *inter alia,* failure to obey a traffic signal.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

9. In response to paragraph "9" of the Complaint, defendant states that the allegations set forth in paragraph "9" of the Complaint are not statements of fact and do not

require a response, and respectfully refers the Court to the cited statute for a complete and accurate recitation of its contents.

10. In response to paragraph "10" of the Complaint, defendant states that the allegations set forth in paragraph "10" of the Complaint are not statements of fact and do not require a response, and respectfully refers the Court to the cited statute for a complete and accurate recitation of its contents.

11. Denies the allegations set forth in paragraph "11" of the Complaint and further states that to the extent that paragraph "11" of the Complaint sets forth conclusions of law, no response is required.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that plaintiff purports to seek relief as stated therein.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

16. Denies the allegations set forth in paragraph "16" of the Complaint and further states that to the extent that paragraph "16" of the Complaint sets forth conclusions of law, no response is required.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein, and

further states that to the extent paragraph "17" of the Complaint sets forth conclusions of law, no response is required.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein; to the extent that paragraph "18" of the Complaint sets forth conclusions of law, no response is required.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff purports to base venue in this district as stated therein.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits only, upon information and belief, plaintiff served what purported to be a Notice of Claim on June 8, 2023.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits only, upon information and belief, plaintiff served what purported to be a Notice of Claim on June 8, 2023 and it was assigned a claim number of 2023PI018782.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. In response to paragraph "28" of the Complaint, admits only that plaintiff's claims have not been settled.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" in the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" in the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint, except admits that the vehicle in which plaintiff was the driver was lawfully stopped for, *inter alia,* failure to obey a traffic signal.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that the vehicle in which plaintiff was the driver was lawfully stopped for, *inter alia,* failure to obey a traffic signal.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits only that Officer Amir approached plaintiff during the car stop and asked for his license and registration.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admits only that Officer Amir what purported to be plaintiff's license and registration.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint as they pertain to purported defendant John Doe Officer (Caucasian).

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint as they pertain to purported defendant John Doe Officer (Caucasian), except admits only that plaintiff was told not to touch his phone during the car stop.

39. States that the allegations set forth in paragraph "39" of the Complaint do not contain any statement of facts which require a response.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" in the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint, except admits only that plaintiff was informed there was an outstanding warrant for him.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" in the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint, except admits that plaintiff was lawfully arrested on March 9, 2023.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the Complaint as they pertain to purported defendant John Doe Officer (Afro-American).

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint as they pertain to purported defendant John Doe Officer (Afro-American).

48. States that the allegations set forth in paragraph "48" of the Complaint do not contain any statement of facts which require a response.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" in the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" in the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the time plaintiff was released from custody.

64. Denies the allegations set forth in paragraph "64" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any report plaintiff made at the 6th Precinct.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" in the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" in the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" in the Complaint.

68. Denies the allegations set forth in paragraph "68" in the Complaint and further states that, to the extent that paragraph "68" of the complaint asserts conclusions of law, no response is required.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" in the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" in the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" in the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" in the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" in the Complaint.

74. Denies the allegations set forth in paragraph "74" in the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" in the Complaint.

76. Denies the allegations set forth in paragraph "76" in the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" in the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" in the Complaint.

79. Denies the allegations set forth in paragraph "79" in the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff recording a video.

80. Denies the allegations set forth in paragraph "80" in the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" in the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint, and further states that, to the extent that paragraph "86" of the Complaint asserts conclusions of law, no response is required.

87. In response to paragraph "87" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

89. Denies the allegations set forth in paragraph "89" of the Complaint, and further states that, to the extent that paragraph "89" of the Complaint asserts conclusions of law, no response is required.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint, and further states that, to the extent that paragraph "91" of the Complaint asserts conclusions of law, no response is required.

92. Denies the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint, and further states that, to the extent that paragraph "93" of the Complaint asserts conclusions of law, no response is required.

94. In response to paragraph "94" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

95. Denies the allegations set forth in paragraph "95" of the Complaint, and further states that, to the extent that paragraph "95" of the Complaint asserts conclusions of law, no response is required.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. In response to paragraph "97" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

98. Denies the allegations set forth in paragraph "98" of the Complaint, and further states that, to the extent that paragraph "98" of the Complaint asserts conclusions of law, no response is required.

99. Denies the allegations set forth in paragraph "99" of the Complaint.

100. In response to paragraph "100" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

101. Denies the allegations set forth in paragraph "101" of the Complaint, and further states that, to the extent that paragraph "101" of the Complaint asserts conclusions of law, no response is required.

102. Denies the allegations set forth in paragraph "102" of the Complaint.

103. In response to paragraph "103" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

104. Denies the allegations set forth in paragraph "104" of the Complaint, and further states that, to the extent that paragraph "104" of the Complaint asserts conclusions of law, no response is required.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. In response to paragraph "106" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

107. Denies the allegations set forth in paragraph "107" of the Complaint, and further states that, to the extent that paragraph "107" of the Complaint asserts conclusions of law, no response is required.

108. Denies the allegations set forth in paragraph "108" of the Complaint.

109. In response to paragraph "109" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

110. Denies the allegations set forth in paragraph "110" of the Complaint, and further states that, to the extent that paragraph "110" of the Complaint asserts conclusions of law, no response is required.

111. Denies the allegations set forth in paragraph "111" of the Complaint, and further states that, to the extent that paragraph "111" of the Complaint asserts conclusions of law, no response is required.

112. Denies the allegations set forth in paragraph "112" of the Complaint.

113. In response to paragraph "113" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

114. Denies the allegations set forth in paragraph "114" of the Complaint.

115. Denies the allegations set forth in paragraph "115" of the Complaint.

116. Denies the allegations set forth in paragraph "116" of the Complaint.

117. Denies the allegations set forth in paragraph "117" of the Complaint.

118. Denies the allegations set forth in paragraph "118" of the Complaint.

119. Denies the allegations set forth in paragraph "119" of the Complaint, and further states that, to the extent that paragraph "119" of the Complaint asserts conclusions of law, no response is required.

120. Denies the allegations set forth in paragraph "120" of the Complaint, and further states that, to the extent that paragraph "120" of the Complaint asserts conclusions of law, no response is required.

121. Denies the allegations set forth in paragraph "121" of the Complaint.

122. In response to paragraph "122" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

123. Denies the allegations set forth in paragraph "123" of the Complaint, and further states that, to the extent that paragraph "123" of the Complaint asserts conclusions of law, no response is required.

124. Denies the allegations set forth in paragraph "124" of the Complaint.

125. Denies the allegations set forth in paragraph "125" of the Complaint.

126. Denies the allegations set forth in paragraph "126" of the Complaint.

127. In response to paragraph "127" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

128. Denies the allegations set forth in paragraph "128" of the Complaint.

129. Denies the allegations set forth in paragraph "129" of the Complaint.

130. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" in the Complaint.

131. Denies the allegations set forth in paragraph "131" of the Complaint, and further states that, to the extent that paragraph "131" of the Complaint asserts conclusions of law, no response is required.

132. Denies the allegations set forth in paragraph "132" of the Complaint, except denies knowledge or information sufficient to form a belief as to the state of mind of plaintiff.

133. Denies the allegations set forth in paragraph "133" of the Complaint, and further states that, to the extent that paragraph "133" of the Complaint asserts conclusions of law, no response is required.

134. Denies the allegations set forth in paragraph "134" of the Complaint.

135. In response to paragraph "135" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

136. Denies the allegations set forth in paragraph "136" of the Complaint, and further states that, to the extent that paragraph "136" of the Complaint asserts conclusions of law, no response is required.

137. Denies the allegations set forth in paragraph "137" of the Complaint.

138. Denies the allegations set forth in paragraph "138" of the Complaint.

139. Denies the allegations set forth in paragraph "139" of the Complaint, and further states that, to the extent that paragraph "139" of the Complaint asserts conclusions of law, no response is required.

140. Denies the allegations set forth in paragraph "140" of the Complaint.

141. In response to paragraph "141" of the Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

142. Denies the allegations set forth in paragraph "142" of the Complaint, and further states that, to the extent that paragraph "142" of the Complaint asserts conclusions of law, no response is required.

143. Denies the allegations set forth in paragraph "143" of the Complaint, and further states that, to the extent that paragraph "143" of the Complaint asserts conclusions of law, no response is required.

**AS TO THE FIRST DEFENSE/AFFIRMATIVE DEFENSE:**

144. The Complaint fails to state a claim upon which relief can be granted.

**AS TO THE SECOND DEFENSE/AFFIRMATIVE DEFENSE:**

145. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant, the City of New York or any of its agents.

**AS TO THE THIRD DEFENSE/AFFIRMATIVE DEFENSE:**

146. Plaintiff provoked any incident.

**AS TO THE FOURTH DEFENSE/AFFIRMATIVE DEFENSE:**

147. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search because, *inter alia*, plaintiff failed to obey a traffic signal.

**AS TO THE FIFTH DEFENSE/AFFIRMATIVE DEFENSE:**

148. There was probable cause for plaintiff's arrest, detention, and prosecution because, *inter alia*, plaintiff failed to obey a traffic signal.

**AS TO THE SIXTH DEFENSE/AFFIRMATIVE DEFENSE:**

149. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any acts of Congress providing for the protection of civil rights.

### AS TO THE SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:

150. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), et seq, in that, *inter alia*, plaintiff failed to timely file a notice of claim.

### AS TO THE EIGHTH DEFENSE/AFFIRMATIVE DEFENSE:

151. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City is entitled to governmental immunity from liability on plaintiff's state law claims.

### AS TO THE NINTH DEFENSE/AFFIRMATIVE DEFENSE:

152. Plaintiff may have failed to mitigate plaintiff's alleged damages.

### AS TO THE TENTH DEFENSE/AFFIRMATIVE DEFENSE:

153. Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	November 12, 2024

	MURIEL GOODE-TRUFANT
	Acting Corporation Counsel of the City of New York
	*Attorney for defendant City of New York*
	100 Church Street
	New York, New York 10007
	(212) 356-2656

By:	*/s/ Inna Shapovalova*
	Inna Shapovalova[2]
	Senior Counsel

TO:	**BY FIRST CLASS MAIL**
	Branden Duncan
	*Plaintiff pro se*
	144-11 249th
	Rosedale, NY 11422

---

[2] This case has been assigned to Assistant Corporation Counsel Jonathan Klobus, who is awaiting admission to the New York Bar. Mr. Klobus is handling this matter under my supervision and may be reached at (212) 356-2660 or jklobus@law.nyc.gov.